SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John D. Warren, | ) | No. CV-11-01901-PHX-NVW (ECV) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Janet K. Brewer, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff John D. Warren, who is confined in the Arizona Community Protection and Treatment Center (ACPTC), a unit of the Arizona State Hospital (ASH), in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983[1] and filed an Application

---

[1] This action was opened as a "prisoner" civil rights case and referred to the Court's staff for review pursuant to LRCiv. 72.1(b). A "prisoner" is statutorily defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); 42 U.S.C. § 1997e(h). That is, a "prisoner" is a person who is "currently detained as a result of accusation, conviction, or sentence for a *criminal* offense." Agyeman v. INS, 296 F.3d 871, 885, 886 (9th Cir. 2002) (citing Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000)). It does not appear that Plaintiff is currently detained as a result of an accusation, conviction, or sentence for a criminal offense such that he is a prisoner within the meaning of the Prisoner Litigation Reform Act (PLRA). Therefore, Plaintiff is not required to incrementally pay the filing fee pursuant to the PLRA.

to Proceed *In Forma Pauperis*. (Doc. 1, 2.) Plaintiff's *in forma pauperis* application will be granted and the Court will dismiss the Complaint with leave to amend. **I. Statutory Screening of *In Forma Pauperis* Complaints**

The Court is required to screen complaints brought *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

1    If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, the Complaint will be dismissed with leave to amend.

## II.   Complaint

Plaintiff alleges one count for denial of access to the court. Plaintiff sues Arizona Governor Janice K. Brewer and the following current or former state employees: Will Humble, the Director of the Arizona Department of Health Services (ADHS)[2]; Chief Executive Officers Cory D. Nelson, John Cooper, and Ann Froio; Directors Dan Montaldi and Vicki Davis; Health Program Manager Joe Frombaugh; and Residential Program Managers William Lewis, Lamont Reese, Ben Davis, and Kevin Galbreath. Plaintiff seeks injunctive relief.

Except as otherwise indicated, Plaintiff alleges the following in his Complaint: Plaintiff was convicted of two counts of sexual assault in Maricopa County Superior Court in 1990.[3] On September 23, 2009, Plaintiff was sent to AHS for treatment as a sexually violent person (SVP). Arizona Department of Corrections (ADC) records reflect that Plaintiff completed his criminal sentence on or about March 21, 2010. Since that time, Plaintiff has remained civilly committed in the AHS as an SVP.

Plaintiff contends that the ACPTC "does not have the legal resources to provide

---

[2] See http://www.azdhs.gov/ (last visited Oct. 7, 2011).

[3] See http://www.azcorrections.gov/Inmate_DataSearch/results_Minh.aspx?InmateNumber=079865&LastName=WARREN&FNMI=J&SearchType=SearchInet (last visited Oct. 7, 2011).

- 3 -

1 treatment residents with Access to the Court." (Doc. 1 at 3.) He further contends that he has
2 needed access to the court for eleven years concerning violations of state and federal rights
3 by ADC staff. He alludes to being injured after he attempted to assist a female correctional
4 officer who was being sexually harassed by mail employees, but he does not allege when or
5 where, or the identity of the officer. Plaintiff alleges that he discussed the issue of legal
6 resources with ACPTC staff, specifically, Cooper, Froio, Nelson, Montaldi, Vicki Davis,
7 Frombaugh, Lewis, Reese, Ben Davis, and Galbreath, but has not been provided with legal
8 resources. Plaintiff seeks injunctive relief in the form of access to writing materials, a bare
9 minimum of legal materials, and access to a paralegal. Plaintiff has sent letters to Humble
10 and Brewer concerning the issue.

11 **III.     Failure to State a Claim Under § 1983**

12 To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
13 conduct about which he complains was committed by a person acting under the color of state
14 law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.
15 Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he
16 suffered a specific injury as a result of the conduct of a particular defendant and he must
17 allege an affirmative link between the injury and the conduct of that defendant. Rizzo v.
18 Goode, 423 U.S. 362, 371-72, 377 (1976).

19 **A.     Brewer and Humble**

20 Plaintiff sues Governor Brewer and ADHS Director Humble. While these persons
21 may be sued, Plaintiff fails to state a claim against either. To state a claim against a
22 defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an
23 individual was personally involved in the deprivation of his civil rights." Barren v.
24 Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official
25 capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or
26 custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further,
27 there is no *respondeat superior* liability under § 1983, so a defendant's position as the
28 supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not

make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor, 880 F.2d at 1045. A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a detainee's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009).

Plaintiff fails to allege specific facts to support that Brewer or Humble directly violated his constitutional rights. He also fails to allege facts to support that these Defendants promulgated, endorsed, or enforced a policy, practice, or custom resulting in a violation of his constitutional rights. Plaintiff thus fails to state a claim against these Defendants and they will be dismissed.

**B.    Access to the Courts**

The Fourteenth Amendment protects civil detainees against governmental interference with their right of access to the courts. See Jones v. Blanas, 393 F.3d 918, 933, 936 (9th Cir. 2004). The right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). That right, however, only encompasses the ability to bring petitions or complaints to federal court and not to discover or even effectively litigate such claims once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") The right "guarantees no particular methodology but rather, the conferral of a capability--the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. Further, the denial of access to a paralegal or use of a law

- 5 -

1 library is not actionable if there is no claim of prejudice to an existing or future legal action.
2 Id. at 351-53. That is, an inmate must establish that he suffered an "actual injury" from the
3 denial of access. See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). An "actual
4 injury" is "actual prejudice with respect to contemplated or existing litigation, such as the
5 inability to meet a filing deadline or present a claim." Lewis, 518 U.S. at 348. In other
6 words, a plaintiff must allege facts to support that a defendant's conduct prevented him from
7 bringing to court a non-frivolous claim that he wished to present. Id. at 351-53. A plaintiff
8 "must identify a nonfrivolous, arguable underlying claim," and this underlying claim "must
9 be described in the complaint." Christopher v. Harbury, 536 U.S. 403, 414-15 (2002).

10 In the Complaint filed in this case, Plaintiff alleges that he was denied materials with
11 which to file a complaint, or other filing, and access to legal resources. Plaintiff fails to
12 allege supporting circumstances, including when, where, how, and by whom. Moreover,
13 Plaintiff fails to adequately identify any non-frivolous, arguable claim or to allege facts to
14 support that *he* was actually injured. For both reasons, Plaintiff fails to state a claim against
15 any Defendant in his Complaint, which will be dismissed with leave to amend.

16 **IV.     Leave to Amend**

17 For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
18 a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first
19 amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail
20 Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails
21 to use the court-approved form, the Court may strike the amended complaint and dismiss this
22 action without further notice to Plaintiff.

23 Plaintiff must clearly designate on the face of the document that it is the "First
24 Amended Complaint." The first amended complaint must be retyped or rewritten in its
25 entirety on the court-approved form and may not incorporate any part of the original
26 Complaint by reference. Plaintiff may include only one claim per count.

27 A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
28 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**V.   Warnings**

**A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 2.)

(2)   The Complaint is **dismissed** for failure to state a claim. (Doc. 1.) Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(3)   If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(4)   The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

rights complaint.

DATED this 10th day of November, 2011.

Neil V. Wake
United States District Judge

- 8 -